### NAGEL *v.* BUTCHER.

**1. BROKERS—COMMISSIONS—ADMISSIONS.**
In an action by a real estate broker for commissions on an exchange of property, defendant's claim that plaintiff is not the proper party to bring the action is answered by his admission in a letter to plaintiff's attorney that the amount claimed was correct, and suggesting means of payment.[1]

**2. SAME—CONTRACTS—ABANDONMENT.**
Whether the contract sued on was abandoned by the parties, *held*, under the evidence, a question of fact.[2]

**3. SAME—BROKER MAY ACT AS MIDDLEMAN WHERE FACT MADE KNOWN TO BOTH PARTIES.**
That a broker acted for both parties, in an exchange of property, would not bar his right to recover the agreed

[1]Appeal and Error, 1 C. J. § 329; [2]Brokers, 9 C. J. § 129 (Anno). On right of real estate broker who acts for both parties to commissions, see note in 24 L. R. A. (N. S.) 659.

commission ·from one of the parties, where said fact was known to them at the time of the transaction.[3]

Error to Wayne; La Joie (Ernest P.), J.    Submitted June 4, 1925.    (Docket No. 37.)    Decided July 16, 1925.

Assumpsit by William Nagel against James I. Butcher for commissions on the sale of real estate. Judgment for plaintiff.    Defendant brings error. Affirmed.

*Prentis, Mulford, Pugh & Fitch,* for appellant.

*Anderson, Wilcox, Lacy & Lawson (Ward H. Peck,* of counsel), for appellee.

MOORE, J.    This is an action brought to recover a commission growing out of the following paper:

"Pontiac, Mich. 1/12/21.
"Messrs. REED and NAGEL:
"I hereby agree to sell my farm of 630 acres located near Independence and Orion townships for the sum of sixty thousand ($60,000) dollars, a payment of five or ten thousand dollars down, or income property which is acceptable.    I also agree to pay 5% commission. This price to remain in force for 30 days.
                    (Signed)    "JAS. I. BUTCHER."

After securing the writing, plaintiff and Reed commenced negotiations with one Houghton which resulted in an exchange of the properties of Mr. Butcher and Mr. Houghton, and Mr. Houghton took possession of the farm.    Suit was brought by the plaintiff to recover one-half of the five per cent. commission, less a credit for money paid to him by defendant.    Defendant's plea was the general issue with notice of the special defenses of abandonment, the statute of frauds, and failure of consideration.    He also claimed that he was entitled to a set-off of $250 which he had paid

[3]Brokers, 9 C. J. § 76.

to plaintiff.     On the trial defendant admitted that he signed the writing sued on, but claimed that when it was proposed that Houghton's contract equities be turned in in lieu of cash, he refused to go ahead on the commission basis outlined in the writing, and the writing was thereupon abandoned by mutual consent of all parties to it, and defendant entered into two separate oral undertakings with the plaintiff and Reed.     Reed was to be paid $1,500 by cancellation of certain of Reed's notes held by defendant and amounting to about $1,350.     The difference was to be paid him in cash. Plaintiff was to receive $250 in cash, and $1,250 more if he could make it out of reselling the Houghton equities.     The plaintiff denied any such agreement. At the close of the plaintiff's case defendant's counsel moved for a directed verdict, and the court reserved his decision.     This motion was renewed at the close of the proofs, and the court denied it with the reservation of the right to enter a judgment *non obstante veredicto.*     The court submitted the case to the jury. The jury rendered a verdict in favor of the plaintiff in the amount of $1,350.     Defendant thereupon moved for a new trial, or a judgment *non obstante veredicto,* which motion was denied in its entirety, the court entering judgment on the verdict.     The case is brought into this court by writ of error.

1. Defendant claims the plaintiff is not entitled to recover because he is not a proper party to institute this suit.     It is stated that the writing sued upon, if it can be said to express any liability of the defendant, is his liability to the plaintiff and Reed jointly. The writing is addressed to "Messrs. Reed and Nagel," and undertakes to pay them a real estate commission, and created, if anything, a joint interest in Reed and the plaintiff, and that they should both have sued. There is testimony to the effect that Reed and Nagel were real estate men, but had no business relations

except as to this one transaction, and that each expected to divide the commission on a fifty-fifty basis, and that defendant settled with Mr. Reed upon that basis.

Before bringing suit the plaintiff placed his claim for $1,250 with an attorney, who is now dead, for collection. In reply to a letter written by him asking the payment of $1,250 Mr. Butcher wrote as follows:

"Detroit, Mich., Nov. 18, 1921.

"HENRY C. RUMMEL,
    "1326 Dime Bank Bldg.,
    "Detroit, Michigan.

"*Dear Sir:* I have your letter of the 12th inst. in regard to the account of Mr. Nagel, and will say that the amount of this account is correct and at the time I made the deal with Mr. Nagel it was thoroughly understood that he was to dispose of some of the houses in order to collect his commission, and I have paid him all the cash I agreed to, and in this connection will say that I will turn over one of the houses in Pontiac that I got in the deal to take care of this commission if he so wishes.

"Sincerely,
    "JAS. I. BUTCHER."

The amount of the account to which reference is made with the interest added is the amount of the verdict.

2. It was the claim of the defendant that the writing sued on was abandoned before the farm was sold. This was denied by the plaintiff and made an issue of fact.

3. Defendant claims, we quote from the brief:

"Because of his dual agency, the plaintiff is not entitled to recover. The law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty without a full disclosure of the facts to his principal. *Hogle* v. *Meyering,* 161 Mich. 472; *Leathers* v. *Canfield,* 117 Mich. 277 (45 L. R. A. 33); *Woods* v. *Palmer,* 151 Mich. 30; *Hutton* v. *Sherrard,*

183 Mich. 356 (L. R. A. 1915E, 976); *Kirby-Sorge-Felske Co.* v. *Doty,* 190 Mich. 553.

"Where plaintiff who negotiates a trade acts in a double capacity representing seller and purchaser, he should so advise his clients. *Moore* v. *Meade,* 213 Mich. 597."

We again quote from the brief:

"4. The verdict is fatally defective because there was submitted to the jury a theory of plaintiff's case at variance with the pleadings and the testimony.

"It was error for the trial court to submit this case to the jury on the theory that the plaintiff was a mere middleman, and it was consequently error to refuse a new trial when it was apparent that the verdict was based on such a theory."

In relation to defendant's claims 3 and 4, plaintiff replied that he acted as a middleman; that defendant knew that plaintiff was also to get a commission from Mr. Houghton; and that it was lawful for him to do so when the defendant understood he was to do so.

In his denial of the motion for judgment *non obstante veredicto,* the court said in part:

"The court takes the view that most of the contentions raised by counsel for defendant, particularly those relating to partnership or joint adventures and also that dealing with defendant's ignorance of plaintiff's dual agency, are answered in defendant's letter to Henry C. Rummel of November 18, 1921."

The decisive questions in the case were all questions of fact. Many of them were in dispute. The trial judge tried in a charge covering more than 14 pages of the printed record to cover every phase of the case.

We find no reversible error.

The judgment is affirmed, with costs to the appellee.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.